## Edward H. Ford, Appellant, *v.* Julia A. Ford.

*Deed—Setting aside deed—Incompetency of grantor—Husband and wife —Evidence.*

Where a deed is executed by a husband to a wife for the purpose of saving the home of the family from the consequences of the habit of excessive drinking of the husband, and it appears that the deed was made at the suggestion of the husband at a time when he was not intoxicated, and that no undue influence was brought to bear upon him by the wife, the court will not decree a reconveyance to the husband, but will direct the wife in view of the circumstances under which the deed was made, and of the absence of consideration, to execute and place upon record such a declaration as will show that she holds the property in trust for her husband and family.

*Husband and wife—Undue influence—Presumption.*

There is no presumption, from the fact that the relationship of husband and wife is one of confidence and trust, that a deed from husband to wife, made without any valuable consideration, was induced by undue influence.

Argued Oct. 28, 1899. Appeal, No. 127, Oct. T., 1899, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1898, No. 723, on bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for a reconveyance.

The facts appear by the opinion of SHAFER, J., which was as follows :

The bill herein is by the husband against the wife to set aside a conveyance of real estate made by him to her, as made without consideration and while the plaintiff was in such mental condition as not to be competent to make a deed.

### FINDINGS OF FACT.

1. In 1890 the plaintiff purchased a lot of ground, now in the borough of Esplen, in the county of Allegheny, and soon thereafter erected a dwelling house thereon, which he has occupied as a residence ever since. It is averred in the plaintiff's bill that the sole and unqualified ownership and right of ownership in this house and lot were and still are in the plaintiff. The answer of the defendant specifically denies this, and avers that, with the exception of an inconsiderable amount contributed by the plaintiff, the lot was purchased and the house built with the money of the defendant, the greater portion thereof being proceeds of sale of another property, in like manner bought with the money of the defendant. No testimony was given on this subject, except to the effect that the house and lot now in question were purchased with the proceeds of another house and lot which stood in the name of the plaintiff and which were sold. The answer in this respect appears to be responsive to the bill.

2. The defendant at that time was, and for a considerable time had been, the wife of the plaintiff. They had three children, the oldest of whom at that time was about eleven years old, and these children are yet living.

3. The plaintiff was and still is an iron worker, and was a man of industrious habits. At considerable intervals, however, he drank to excess, usually continuing, when he once began,

until he became sick and helpless.    This seems to have occurred not more than once or twice a year.

4. [For some days before April 14, 1891, the plaintiff had been drinking in this way, and, coming home on the evening of that day, said to his wife that he wanted her to go along with him to a magistrate's office,] [2] and wished to turn over the property to her.   She accordingly went with him to the office of a real estate agent by whom a deed was written, and thence to a magistrate's office where the deed was acknowledged, the deed being made directly from the husband to the wife.   [The deed was made at the suggestion of the husband and without any request upon the part of the wife,] [3] [for the purpose of saving the property to his wife and family.] [4]

5. During the night of that day the plaintiff was seized with a severe attack of pneumonia, became delirious, and was in bed for some weeks.   His disease was the direct consequence of his drinking, or exposure incident thereto.

Requests for findings of facts have been presented by the plaintiff, which, with the answers thereto, among others are as follows :

1. The deed of conveyance of the plaintiff to the defendant was without pecuniary consideration, and is, therefore, to be viewed as a gift of the realty therein described.   *Answer :* Affirmed, except that it was not a gift to the wife exclusively, but a conveyance to her in trust as stated in findings of fact. [5]

2. The real estate in said deed mentioned and described, with the dwelling house erected thereon, constituted all the estate of which the plaintiff was then possessed.   *Answer :* Affirmed.

3. At the date of the said conveyance the defendant had no present pecuniary interest in the property mentioned therein. *Answer :* Refused. [6]

4. Neither at the time the said deed was prepared, nor when it was acknowledged, was it either read by or to the plaintiff or its contents and effect explained to him.   *Answer :* Refused.

5. When he executed the said deed, the plaintiff, by reason of prior and present intoxication, was so weak, physically and mentally, as to be wholly unable to comprehend the nature of the transaction, or its effect and consequences.   *Answer :* Refused.

6. In consequence of excessive and protracted indulgence in

intoxicating liquor, the plaintiff, at the time he executed the said conveyance, was in an exceedingly weak condition, both bodily and mentally. *Answer :* Affirmed.

7. The defendant made the plaintiff's said weakened mental and physical condition the opportunity for obtaining the said conveyance. *Answer :* Refused. [7]

9. Within a few hours after making the said deed of conveyance to the defendant, the plaintiff was overcome by sickness, and became delirious ; that said delirium continued for a period of three or four days ; and that such sickness and delirium were a direct consequence of the plaintiff's inordinate indulgence in intoxicating liquors for a considerable period of time immediately prior thereto. *Answer :* Refused as stated. The first sentence is true, but the sickness causing the delirium was pneumonia, and it was occasioned by the exposure incident to drunkenness, but cannot be said to be a direct consequence of it.

12. The realty conveyed by the said deed of plaintiff was more than a reasonable provision for the defendant. *Answer :* Refused under the findings. [8]

13. The defendant, after obtaining the said deed of conveyance from the plaintiff, retained the same in her possession for upwards of three years and six months before recording the same ; and that it was placed of record by her without the knowledge of the plaintiff. *Answer :* Refused. [9]

### CONCLUSIONS OF LAW.

It is strenuously argued by counsel for plaintiff that, under the circumstances of this case, the defendant stood to the plaintiff, at the time of the transaction, in a relationship of confidence and trust, and that, by reason thereof and of the fact that the deed was made without a valuable consideration, the presumption of the law is that undue influence was exercised by her in obtaining it; and that because the deed, being a voluntary one, contains no power of revocation, it is void.

It is true that the relationship of husband and wife is one of the highest confidence and trust, and if it appeared that the wife had in fact exerted undue influence upon her husband, or by any actual fraud had obtained the deed from him, the intimate relationship of the parties would, no doubt, be a considerable factor in the case. In the absence of evidence to the

contrary, however, the wife is presumed to be under the influence of her husband, and we cannot see how the cases cited by the plaintiff as to parties standing in fiduciary relations bear upon the question in hand.

Having found as a matter of fact that the plaintiff was not, by reason of any intoxication or consequences of intoxication, incompetent to make a deed, and that the making of it was not induced by any undue influence exerted on the part of the wife, and that the same was made for the purpose of saving the same for the wife and family of the plaintiff, we deem it unnecessary to discuss the questions of law raised by plaintiff's argument.

While we are of opinion that the plaintiff has not made out a case for the rescission of the deed made by him and for a reconveyance, and this prayer for relief must be denied, we are not willing, under the circumstances, to dismiss the bill and leave the property in the hands of the wife, in such a way that, in case of the death of the husband or a divorce, it might be sold by her to parties without notice of the manner in which she admits the land was acquired and is held by her. The land having been conveyed to her without consideration and for the purpose, as she admits, of saving it for the wife and family of the plaintiff, we deem it a proper, if not necessary, precaution to require her to put upon the record, in such a way that it will appear in the chain of title and be notice to purchasers, a declaration of the manner in which the land is held by her.

The court decreed: that the deed in question in this proceeding is a good and valid conveyance of the title of the plaintiff to the defendant to the realty therein described; that the said conveyance was made in trust for the defendant and the family of the plaintiff; and further, that the defendant, within fifteen days from the date of the entry of this decree, and notice thereof, execute, acknowledge and place of record in the office of the recorder of deeds of Allegheny county, Pennsylvania, a declaration, sufficiently describing the said realty, and to the effect that she holds the same in trust, as aforesaid, first submitting the said declaration to the court for its approval; that the plaintiff pay the cost of this proceeding. [19]

*Errors assigned* among others were (2, 3, 5–9) above findings of fact, quoting them; (19) decree of the court, quoting it.

*Charles L. Powers*, with him *A. C. Johnston*, for appellant.— It has been repeatedly held that in cases of gift, by deed, it will always be set aside in equity, even in a case free from actual fraud, whenever it is clearly shown that the deed does not, in a material respect, conform to the intention of the grantor, or that he executed it under a total misapprehension as to its effect; and that such an instrument cannot be reformed without, at least, the consent of the donor: Mulock v. Mulock, 31 N. J. Eq. 594; 1 Story's Eq. Juris. sec. 164; Phillipson v. Kerry, 32 Beav. 628; Kline's App., 39 Pa. 463.

It has always been held that a conveyance to a wife of all or the greater part of a husband's estate is an unreasonable provision, which, if voluntary, a court of equity will not sustain: Ammon's App., 63 Pa. 284; Benedict v. Montgomery, 7 W. & S. 238; Larkin v. McMullin, 49 Pa. 29.

Direct proof of the very fact of the influence itself can seldom be had, and it is never required; it can be inferred from other facts proved: 2 Pomeroy's Eq. Juris. sec. 955; Lane v. Lane, 76 Me. 521; Haydock v. Haydock, 33 N. J. Eq. 494; Meldrum v. Meldrum, 15 Colo. 478.

The omission of a power of revocation from the instrument is prima facie evidence of mistake, and if not satisfactorily accounted for by the defendant and by affirmative proof, such omission, in connection with other facts admitted or proved, entitles the plaintiff to a decree in his favor: Miskey's App., 107 Pa. 611; Russell's App., 75 Pa. 269; Rick's App., 105 Pa. 528; Bristor v. Tasker, 135 Pa. 110.

*W. H. McClung*, with him *John S. Robb*, for appellee, were not heard, but in their printed brief said: The measure of proof required by the plaintiff is that he sustain his contention by evidence that is clear and unquestionable: Elcessor v. Elcessor, 146 Pa. 359; Eaton's App., 66 Pa. 483; Burke's App., 99 Pa. 350.

In Thompson v. Allen, 103 Pa. 44, it was held that a conveyance of real estate by the husband to his wife by way of gift, if not in fraud of the husband's creditors, will be sustained on equitable principles.

PER CURIAM, November 6, 1899:

Our consideration of the pleadings and proofs in this case has satisfied us that there is no error in the learned trial judge's findings of fact or conclusions of law that requires a reversal or modification of the decree. His findings of fact are fully warranted by the evidence, and the conclusions drawn from the facts thus established appear to be correct. There is nothing in either of the nineteen specifications of error that requires discussion.

On the facts found by the learned trial judge, and for reasons given in his opinion, we affirm the decree and dismiss the appeal at appellant's costs.